UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| WILLIAM C. EVANS, | ) | |
| | ) | CASE NO. 18-90006-BHL-7A |
|               Debtor. | ) | |
| _____ | ) | |
| | ) | |
| KATHRYN L. PRY, as TRUSTEE FOR | ) | |
| THE BANKRUPTCY ESTATE OF | ) | |
| WILLIAM C. EVANS, | ) | |
| | ) | |
|               Plaintiff, | ) | |
|     vs. | ) | ADVERSARY PROCEEDING |
| | ) | NO. |
| WILLIAM C. EVANS, | ) | |
| | ) | |
|               Defendant. | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

Comes now Plaintiff, Kathryn L. Pry (the "Trustee"), as Trustee for the bankruptcy estate of William C. Evans (the "Debtor"), by counsel and for her Complaint against Debtor, states as follows:

**INTRODUCTION**

1. On January 2, 2018 (the "Petition Date"), the Debtors filed a Voluntary Petition for Relief Under Chapter 7 of the Title 11 of the United States Code (the "Bankruptcy Code"), initiating the above-referenced bankruptcy case in the United States Bankruptcy Court for the Southern District of Indiana, New Albany Division (the "Bankruptcy Court").

2. The Trustee is the duly qualified and acting Chapter 7 trustee in the above-referenced Bankruptcy Case.

## JURISDICTIONAL ALLEGATIONS

3.  This adversary proceeding is commenced pursuant to Bankruptcy Code §§ 727(a) and 727(d).

4.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334 and S.D. Ind. L.R. 83-8.

5.  Venue for this action is proper in the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(A) and (J).

7.  Pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure, the Trustee consents to entry of final orders or judgment by the Bankruptcy Court.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

8.  On September 4, 2018, the Trustee filed a *Motion for Turnover* [Doc 42] pursuant to Bankruptcy Code § 542, requesting the Bankruptcy Court enter an order directing the Debtor to turn over to the Trustee the sum of $7,602.57 in non-exempt funds which the Debtor held on the Petition Date in two checking accounts.

9.  On September 26, 2018, the Bankruptcy Court issued its *Order Approving Trustee's Motion for Turnover* [Doc 42] ("Turnover Order"), ordering the Debtor to turn over to the Trustee the sum of $7,602.57 within ten days.

10. To date, the Debtor has not turned over to the Trustee the sum of $7,602.57 as required by the Turnover Order.

11. To date, discharge has not been entered as to the Debtor.

## COUNT I
### (Denial of Discharge Under 11 U.S.C. § 727(a))

12. For Count I of her Complaint, the Trustee incorporates by reference rhetorical paragraphs 1 through 11 above as if fully restated herein.

13. Pursuant to Bankruptcy Code § 727(a)(6), the Bankruptcy Court may deny discharge if a debtor has refused to obey any lawful order of the Bankruptcy Court.

14. The Debtor violated the Bankruptcy Court's Turnover Order by failing to turn over to the Trustee the sum of $7,602.57 within ten days.

WHEREFORE, the Trustee respectfully requests the Court enter an order denying the Debtor's discharge, for the costs of this proceeding, and for all other just and proper relief.

## COUNT II
### (Revocation of Discharge Pursuant to 11 U.S.C. § 727(d))

15. For Count II of her Complaint, the Trustee incorporates by reference rhetorical paragraphs 1 through 14 above as if fully restated herein.

16. Pursuant to Bankruptcy Code § 727(d)(3), the Bankruptcy Court shall revoke discharge if a debtor has refused to obey any lawful order of the Bankruptcy Court.

17. The Debtor violated the Bankruptcy Court's Turnover Order by failing to turn over to the Trustee the sum of $7,602.57 within ten days.

18. In the event the Debtor is granted discharge during the pendency of this action, his discharge should be revoked.

WHEREFORE, the Trustee respectfully requests the Court enter an order revoking the Debtor's discharge, for the costs of this proceeding, and for all other just and proper relief.

## COUNT III
### (Entry of Judgment)

19.    For Count III of her Complaint, the Trustee incorporates by reference rhetorical paragraphs 1 through 18 above as if fully restated herein.

20.    Pursuant to Bankruptcy Code § 541, the sum of $7,602.57, which the Debtor held on the Petition Date in two checking accounts, is property of the Debtor's bankruptcy estate.

21.    Despite the Court's Turnover Order, the Debtor has failed to turn over to the Trustee the sum of $7,602.57 within ten days.

WHEREFORE, the Trustee respectfully requests the Court enter a judgment against the Debtor in the amount of $7,602.57, for the costs of this proceeding, and for all other just and proper relief.

Respectfully submitted,

RUBIN & LEVIN, P.C.
Attorneys for Trustee

By:   /s/ Matthew T. Barr
James T. Young, Atty. No. 13834-71
Matthew T. Barr, Atty. No. 30518-07
RUBIN & LEVIN, P.C.
135 N. Pennsylvania Street, Suite 1400
Indianapolis, IN  46204
317/634-0300; FAX 317/453-8613
james@rubin-levin.net
mbarr@rubin-levin.net

G:\WP80\TRUSTEE\Pry\Evans, William - 86749101\Complaint to Deny or Revoke Discharge.docx